Jeffrey I. Kohn (SBN 027951988)
jkohn@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
212.326.2000 (o)
212.326.2061 (f)

Benjamin J. Ferron (to be admitted *pro hac vice*)
Jason W. Norris (SBN 034052004)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive.
Moon Township, PA 15108
412.859.5720 (o)
412.859.5450 (f)
benjamin.ferron@fedex.com
jason.norris@fedex.com

*Attorneys for Defendant FedEx Ground Package System, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CARROW and MICHAEL FENNELL, individually and on behalf of all others similarly situated;<br><br>                    **Plaintiffs**,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.<br><br>                    **Defendant.** | CIVIL ACTION NO. _____<br><br>(Removed from Camden County) |

## NOTICE OF REMOVAL

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") hereby files this Notice of Removal of the above-entitled action to the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Camden County Law Division, where the action is now pending, as provided by Title 28 U.S.C §§ 1332, 1441, and 1446:

1

## I. BACKGROUND

1. FedEx Ground is the Defendant in the above-entitled action.

2. The above-entitled action is a purported class action that was commenced in the Superior Court of New Jersey, Camden County Law Division, and is now pending in that Court. On behalf of themselves and others similarly situated, Plaintiffs Michael Carrow and Michael Fennell initiated this action on or about March 17, 2016. FedEx Ground received the Complaint on April 25, 2016, and – through counsel – agreed to waive formal service on April 26, 2016.

3. As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. The Superior Court of New Jersey, Camden County Law Division, is located within the District of New Jersey. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), FedEx Ground attaches a copy of all process, pleadings, and orders served upon the Defendant as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of Court for the Superior Court of New Jersey, Camden County Law Division.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441.

8. The claims alleged in the Complaint are all removable under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")) because this is a putative class action in which: (1) there is minimal diversity of citizenship between class members and Defendant; (2) the number of members of the proposed plaintiff class is greater than 100; and, (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**B. Diversity of Citizenship is Established.**

9. Defendant FedEx Ground is now, and was at the time the state action was commenced, a Delaware corporation with its principal place of business in Pennsylvania. (Complaint, ¶ 16; Declaration of Benjamin J. Ferron, ¶¶ 2-6, attached hereto at Exhibit B.) FedEx Ground is a corporate citizen of both Delaware and Pennsylvania.

10. According to Plaintiffs' allegations, the named Plaintiffs are citizens of New Jersey. (Complaint, ¶¶ 10, 13.)

**C. The Number of Members of the Putative Class is Greater than 100.**

11. Plaintiffs allege that the action is brought "on behalf of all persons who worked, on a full time basis, for Defendant FXG at its Ground Division and/or Home Delivery Division terminals in New Jersey, from March 16, 2010 to the time of trial (the 'Class Period') as package delivery drivers and/or package pick-up drivers, and who were signatory to an Operating Agreement with Defendant FXG, directly or through a business entity." (Complaint, ¶ 45.)

12. Plaintiffs further allege that they, and each putative class member, were improperly classified as independent contractors. (Complaint, ¶¶ 2, 60.)

13. Plaintiffs allege that the number of putative class members exceeds 300 during the class period.

3

14. Defendant reviewed data that identifies individuals who were either contractors who contracted with Defendant or authorized officers of entities that contracted with Defendant in Jersey as of or after March 16, 2010. This initial review, subject to revision, indicates that there are over 150 such individuals. (*See* Declaration of Joe Fisher, ¶¶ 3-4, attached hereto at Exhibit C.)

15. Accordingly, based on the review of this data, the number of putative class members, even if adjusted on further review, is greatly in excess of 100 potential members. (*See* Joe Fisher Declaration, ¶ 5).

### D. The Amount in Controversy, Exclusive of Interest or Cost, Exceeds the Sum or Value of $5,000,000.

16. Given the potential size of the class, and the damages sought, the matter in controversy requirement is satisfied.

17. Defendant has defended against other class actions involving claims similar to those here.

18. For example, a class action was filed against Defendant alleging that class members that consisted of individuals who performed package pick-up and delivery services for Defendant in New Hampshire were misclassified as independent contractors. (*See Robert Gennell, Jr., et al. v. FedEx Ground Package System, Inc.*, Case No. 05-00145-PB, U.S. District Court for the District of New Hampshire ("Gennell Lawsuit"); Benjamin J. Ferron Declaration, ¶ 10).

19. Like here, plaintiffs in the Gennell Lawsuit sought damages for unauthorized deductions. (Benjamin J. Ferron Declaration, ¶ 10; Complaint ¶¶ 32, 39-40)."]

20. The parties agreed to settle the Gennell Lawsuit in 2014. (Benjamin J. Ferron Declaration, ¶ 3).

21. There were only about 200 class members in the Gennell Lawsuit and the class period was 7 years. (Benjamin J. Ferron Declaration, ¶¶ 11, 13).

4

22. Class members' damages in the Gennell Lawsuit were calculated utilizing deductions figures relative to class members during the class period. (Benjamin J. Ferron Declaration, ¶ 14).

23. The settlement in the Gennell Lawsuit was well in excess of $5,000,000. (Benjamin J. Ferron Declaration, ¶ 12).

24. In this lawsuit, Plaintiffs seek damages, *inter alia*, with respect to allegedly improper deductions, charges, and/or expenses. (Complaint, ¶¶ 83, 102, 108-112.)

25. Moreover, the Plaintiffs in this case seek recovery in excess of deductions including, but not limited to, the loss of value of Plaintiffs' routes, lost opportunity to sell the routes, lost profits, vehicle purchase and lease expenses, maintenance, fuel, and other losses that should have been paid by Defendant as an employer. (Complaint, ¶¶ 81-83, 101-102.) Additionally, unlike the Gennell lawsuit, Plaintiffs seek liquidated damages and/or punitive damages, including treble damages under the New Jersey Consumer Fraud Act, as well as injunctive and declaratory relief. (*Id.* at ¶ 83; *see also* Plaintiffs' *Ad Damnum* Clauses following Paragraphs 83, 91, and 102 of the Complaint.)

26. While FedEx Ground disputes that any damages are warranted in this matter, pursuant to Plaintiffs' claims the matter in controversy in this action exceeds the sum or value of $5,000,000 exclusive of interest and costs

## IV. REMOVAL IS ALSO PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441.

27. Although, as set forth above, FedEx Ground disputes that any damages are warranted in this matter, this Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because there is complete diversity among the parties (see *supra.* ¶¶ 9-10) and the amount in controversy between the individual Plaintiffs and FedEx Ground exceeds $75,000 when factoring in Plaintiffs' prayer for relief that includes, without limitation, unauthorized deductions (Complaint ¶¶ 103-112) together with the loss of value of Plaintiffs' routes, lost opportunity to sell the routes, lost

profits, vehicle purchase and lease expenses, maintenance, fuel, other losses that should have been paid by Defendant as an employer, and treble damages pursuant to the New Jersey Consumer Fraud Act, as well as injunctive and declaratory relief. (Complaint, ¶¶ 81-83, 91, 101-102.)

**WHEREFORE,** FedEx Ground respectfully removes this action from the Superior Court of New Jersey, Camden County Law Division, to this Court pursuant to 28 U.S.C. § 1441.

Dated: May 25, 2016
New York, NY

Respectfully submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Jeffrey I. Kohn*
Jeffrey I. Kohn (SBN 027951988)

Times Square Tower
7 Times Square
New York, NY 10036
212.326.2000 (o)
212.326.2061 (f)
jkohn@omm.com

*Attorneys for Defendant*
*FedEx Ground Package System, Inc.*

OMM_US:75026968.1