IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |   |
|---|---|---|
| Michael CARROW, Michael FENNELL, and Nicholas STEFANOU, *individually and on behalf of all others similarly situated*, | : : : : : : | Case No. 16-3026 (RBK/JS) |
| Plaintiff(s), | : : | **Opinion** |
| v. | : : : | |
| FEDEX GROUND PACKAGE SYSTEMS, INC., | : : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

Plaintiffs Michael Carrow, Michael Fennell, and Nicholas Stefanou, individually and on behalf of all others similarly situated ("Plaintiffs"), bring claims against Defendant Fedex Ground Package Systems, Inc. ("Defendant") arising under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. 56:8-1 et seq., misrepresentation, rescission, New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. 34:11-4.1 et seq., and breach of the covenant of good faith and fair dealing. This matter is before the Court upon Plaintiffs' Motion for Leave to File A Second Amended Complaint (Doc. No. 35). For the reasons set forth in this Opinion, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE**.

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court provided a more detailed recital of the facts in its March 30, 2017 Opinion granting in part and denying in part Defendant's Motion to Dismiss. *Carrow v. Fedex Ground Package Sys., Inc.*, No. 16-3026 (RBK/JS), 2017 WL 1217119 (D.N.J. Mar. 30, 2017). Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion.

Plaintiffs filed a Complaint in the Superior Court of New Jersey, Camden County on March 17, 2016, bringing claims under the NJCFA, misrepresentation, rescission, NJWPL, and breach of the covenant of good faith and fair dealing. Defendant timely removed the Complaint on May 25, 2016 (Doc. No. 1). Plaintiffs filed an Amended Complaint on June 15, 2016 (Doc. No. 10), and Defendant brought a Motion to Dismiss on July 29, 2016 (Doc. No. 12). The Court ruled on the Motion to Dismiss on March 30, 2017 ("Opinion"), granting the Motion in part (Doc. Nos. 33, 34). The Court granted Plaintiffs fourteen days to amend the Complaint to replead the claim for equitable fraud. On April 13, 2017, Plaintiffs timely filed the present Motion for Leave to File A Second Amended Complaint (Doc. No. 35).

## II. STANDARD OF REVIEW

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given as justice so requires." The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990). Leave to amend under Rule 15 should be denied only in certain circumstances, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Fed. Deposit Ins.*

*Corp. v. Bathgate,* 27 F.3d 850, 874 (3d Cir. 1994). A proposed amended pleading is clearly futile where it fails to state a claim or would not withstand a motion to dismiss. *Bathgate*, 27 F.3d at 874.

### III.   DISCUSSION

Plaintiffs seek to amend the Complaint to state a claim of equitable fraud. The Court noted in its previous Opinion that equitable fraud is a valid cause of action under New Jersey law, but not that of Pennsylvania. The Complaint did not state where Defendant allegedly made false representations, so it was unclear which state's law governed. *Carrow*, 2017 WL 1217119, at *8. The proposed Second Amended Complaint asserts that the misrepresentations occurred in New Jersey. Thus, New Jersey law governs and equitable fraud is available as a cause of action.

The elements of equitable fraud are the same as those of common law fraud, except that scienter, or "knowledge of the falsity and an intention to obtain an undue advantage therefrom," is not required. *Jewish Ctr. of Sussex Cty. v. Whale*, 433 A.2d 521, 524 (N.J. 1981). This Court previously held that Plaintiffs successfully stated a claim for relief as to legal or common law fraud. *Carrow*, 2017 WL 1217119, at *7. Because equitable fraud involves the same elements as legal fraud minus scienter, the Second Amended Complaint does plead a plausible claim of equitable fraud. Amendment is thus not futile.

The draft Second Amended Complaint, however, appears to retain the Counts that the Court dismissed in its March 30, 2017 Opinion and thus fails to accord with the Court's previous Opinion. Accordingly, the Court will hereby deny the Motion to Amend without prejudice and permit the Plaintiffs seven days to file a motion to amend that complies with the Court's Opinions from both today and March 30, 2017.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend is **DENIED WITHOUT PREJUDICE**.

Dated: 4/26/2017                                s/ Robert B. Kugler

                                                                                            ROBERT B. KUGLER

                                                                                            United State District Judge